**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01964-FWS-DFM                                       Date: October 24, 2023
Title: Young Jin Kim v. Brinker Restaurant Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISIDCTION**

   This action was removed to this court on October 19, 2023 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Dkt. 1.)  Having considered the record in this matter and the applicable law, the court concludes it lacks jurisdiction over this matter.

   "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted).  Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

   When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01964-FWS-DFM                                    Date: October 24, 2023
Title: Young Jin Kim v. Brinker Restaurant Corporation *et al.*

---

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996)). If the amount in controversy is unclear from the face of the complaint, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *See Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D. Cal. 2021) (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018)); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01964-FWS-DFM                                           Date: October 24, 2023
Title: Young Jin Kim v. Brinker Restaurant Corporation *et al.*

___

evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

Federal question jurisdiction refers the court's original jurisdiction over civil actions "arising under" the Constitution, laws, or treaties of the United States. *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022); 28 U.S.C. § 1331. A case "arises under" federal law when federal law creates the cause of action asserted or in limited circumstances where a state law claim presents a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 257-58. Federal question jurisdiction cannot be invoked based on an anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009).

Plaintiff asserts exclusively state law claims in his complaint. (Dkt. 1-1, Exh. A.) Defendant removed this action, asserting the court has diversity jurisdiction under 28 U.S.C. § 1332(a). The Notice of Removal alleges diversity between the named parties. (Dkt. 1 ¶¶ 9-10.) But the amount in controversy is not met. The Complaint is silent on a specific amount alleged, (*see generally* Dkt. 1-1, Exh. A), but per Defendant's calculations, Plaintiff seeks a total of $11,850 in compensatory damages. (Dkt. 1 ¶¶ 19-24.) To meet the $75,000 threshold Defendant relies on Plaintiff's sought attorneys' fees and punitive damages. (*Id.* ¶¶ 24-26.) In certain circumstances, attorneys' fees and punitive damages may be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) (attorneys' fees); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages). However, "[w]here, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (citations and internal quotation marks omitted). Here, the court finds the amount of these damages as stated by Defendant rely on calculations that are too speculative and conclusory to meet that burden, and so the court does not take them into account. *See, e.g.*, *Freeman v. Ritz Carlton Hotel Co., LLC*, 2023 WL 2556833, at *2 (C.D. Cal. Mar. 16, 2023) (rejecting that relied on "overly speculative assumptions" regarding punitive damages and

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01964-FWS-DFM                                     Date: October 24, 2023
Title: Young Jin Kim v. Brinker Restaurant Corporation *et al.*

attorney's fees in action removed from California Superior Court alleging state employment law claims); *Lien Nghiem v. Luxottica Retail N. Am., Inc.*, 2018 WL 6981028, at *1 (C.D. Cal. Dec. 4, 2018) (same). Accordingly, the court finds the amount in controversy requirement is not met.

For these reasons, the court concludes it lacks subject matter jurisdiction. The court therefore **REMANDS** this case **WITHOUT PREJUDICE** as to any action filed by Plaintiff in state court. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**IT IS SO ORDERED.**